# SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is entered into on the date of execution between Plaintiff Spine & Sports Chiropractic, Inc. ("Spine & Sports Chiropractic" or "Plaintiff"), on behalf of itself and a class of similarly-situated persons, and Defendant ZirMed, Inc. ("ZirMed" or "Defendant"). The parties to this Settlement Agreement are collectively referred to as the "Parties."

## RECITALS

1. On behalf of itself and a putative class of similarly-situated persons, Spine & Sports Chiropractic filed a civil action against ZirMed that is pending in the United States District Court for the Western District of Kentucky and entitled *Spine & Sports Chiropractic, Inc. v. ZirMed, Inc., et al*, Case No. 13 CV 489 (the "Lawsuit").

2. Spine & Sports Chiropractic's Class Action Complaint alleges that ZirMed violated the Telephone Consumer Protection Act (the "TCPA" or "JFPA"), 47 U.S.C. § 227(b)(1)(C) and the F.C.C. regulations promulgated under the TCPA by faxing advertisements without the recipients' prior express invitation or permission and/or without a compliant opt out notice.

3. On June 30, 2014, the U.S. District Court presiding over the Lawsuit granted Spine & Sports Chiropractic's Motion for Class Certification with a decision captioned "Memorandum Opinion and Order," that certified the following amended class: "All persons or entities who: (1) were the subscriber to the account associated with a fax number; (2) listed on one of the five Transmission Lists; (3) that were successfully sent a copy of the Fax Ad from ZirMed; (4) on November 7th or 8th of 2012" ("the Certified Class").

4. On August 18, 2014, the Parties participated in a settlement conference conducted by Magistrate Judge James D. Moyer. Shortly after the conference, the Parties reached an agreement to settle the dispute between them without any admission of liability on a class-wide basis.

5. At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it violated any law or duty alleged in the Lawsuit. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded that further defense of the Lawsuit would be burdensome and expensive, and that it is desirable and beneficial to it that the Lawsuit be fully and finally settled and terminated in the manner and upon the terms and conditions set forth herein.

6. The Certified Class includes approximately 663 persons or entities to which the Fax Ad from ZirMed was successfully sent.

7. ZirMed has agreed to make available a total of $380,650.00 to fund this settlement (the "Settlement Fund").

8.  The Parties stipulate and agree that the claims of the Certified Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions.

## TERMS AND CONDITIONS

1.  <u>Recitals</u>. The above described recitals are incorporated herein and made a part hereof.

2.  <u>For Settlement Only</u>. This Settlement Agreement is entered into for purposes of resolving all disputes between ZirMed and all members of the Certified Class regarding a fax sent to their fax numbers by ZirMed on November 7th and/or 8th of 2012. Assertions, statements, and representations herein are for settlement purposes only. The Parties agree that this Settlement Agreement does not constitute and shall not be deemed or construed as constituting an admission that ZirMed has violated any law or regulation. If the Court does not finally approve this Settlement Agreement, then the Parties expressly agree that this Settlement Agreement is null and void and that this Settlement Agreement, including the settlement contained herein and any acts performed or documents executed in furtherance of this Settlement Agreement, may not be used by any Party for any reason whatsoever, including, but not limited to, being used, offered, or received as evidence of an admission or concession against either Party in any civil, criminal, or administrative proceeding in any court, agency or other tribunal. However, notwithstanding any provision in this Settlement Agreement to the contrary, if the Settlement Agreement becomes null and void for any reason or if the Settlement Agreement is rescinded for any reason, ZirMed understands that it shall be obligated to pay all settlement administration expenses already incurred by the Settlement Administrator.

3.  <u>Representation of the Certified Class</u>. Spine & Sports Chiropractic has been appointed as the "Class Representative" and attorneys Montgomery, Rennie & Jonson and Anderson + Wanca have been appointed as "Class Counsel."

4.  <u>Preliminary Approval</u>. Spine & Sports Chiropractic will move the Court for the entry of an order preliminarily approving this settlement.

5.  <u>The Settlement Fund</u>. ZirMed has agreed to make the Settlement Fund ($380,650.00) available to settle this case. ZirMed shall initially fund the Settlement Fund at a bank of its choosing upon preliminary approval of the settlement in an amount sufficient to pay costs of notice and claims administration based upon an estimate for such services provided by the Settlement Administrator. ZirMed shall fund the remainder of the Settlement Fund within five business days after the Effective Date of this Settlement Agreement. ZirMed will not relinquish control of any money until payments are due. ZirMed shall not be responsible for any payments or obligations other than those specified in this Settlement Agreement.

6.  <u>Notice</u>. After preliminary approval of the settlement by the Court, notice of the settlement will be issued to the members of the Certified Class. The Parties will request that the Court approve a "Notice of Proposed Class Action Settlement" in the form attached hereto as Exhibit A, and request approval to send it by facsimile, e-mail, U.S. mail, or otherwise.

7. <u>Class Payments</u>. Class members who have been reasonably identified and have not opted out, and in the case of identification via a claim form who have timely submitted a valid claim form, shall receive a *pro rata* share of the Settlement Fund, less administration expenses and court-approved attorney fees, costs and any incentive award to Spine & Sports Chiropractic. The maximum payment to any Certified Class Member will be $500.00.

8. <u>Identification of Class Members.</u> The Parties will endeavor to identify Class Members in the first instance by subpoenas to telephone carriers seeking the name and address of each subscriber as of November 7 and 8, 2012 associated with the telephone numbers listed in the five Transmission Lists referred to in the approved class definition. To the extent any Class Members are not identified through responses to these subpoenas, they shall be identified through a claims process requiring submission of a claims form affirming under oath that the claimant was the subscriber of the specified fax number on November 7 or 8, 2012. A copy of the Affirmation of Account Holder to be completed by the Class Members is attached hereto as Exhibit B and incorporated herein. Class Members who opt out or have not been identified with reasonable effort will not receive a share of the Settlement Fund or any other benefits pursuant to this Settlement Agreement, but will otherwise be bound together with all Certified Class members by all of the terms of this Settlement Agreement, including the terms of the Final Judgment and Order of Dismissal with Prejudice to be entered in the Lawsuit and the Release provided for in this Settlement Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

9. <u>Incentive Award, Attorneys' Fees, and Expenses</u>. Class Counsel will apply to the Court for an incentive award to Spine & Sports Chiropractic in an amount not to exceed $15,000 to be paid from the Settlement Fund. Class Counsel will also request an award for attorney's fees in an amount equal to one third of the Settlement Fund ($126,833.33), plus costs actually incurred in the prosecution of the Lawsuit. ZirMed agrees not to oppose or appeal Class Counsel's request for these awards and agrees to pay the attorney fees and expenses approved by the Court from the Settlement Fund.

10. <u>Return of Any Remaining Funds to ZirMed</u>. After making all required payments described above and after the 90-day expiration date for all checks to Class Members has passed, ZirMed shall be entitled to any balance remaining in the Settlement Fund, together with any interest earned thereon. In no event will any funds remaining in the Settlement Fund after making the payments contemplated by this Settlement Agreement constitute abandoned or unclaimed property; ZirMed is entitled to any and all such remaining funds.

11. <u>Final Approval</u>. The preliminary approval order will set a date for a final fairness hearing, at which Spine & Sports Chiropractic will request that the Court enter a final approval order.

12. <u>Effective Date</u>. The "Effective Date" of this Settlement Agreement shall be the calendar date seven days after the date upon which the time for filing or noticing any appeal of the Court's final judgment and order of dismissal with prejudice approving the settlement has expired, or, if there are any appeals, then the date on which the settlement and judgment are

affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

13. <u>Settlement Administrator</u>. The Parties, subject to Court approval, shall select an independent third party administrator with experience administering class action settlements to, under the supervision of the Court, oversee administration of the Settlement including the distribution of Notice, processing of any required claims, and sending payments to the Class Members. The Settlement Administrator shall administer the relief provided by this Settlement Agreement in a rational, cost effective and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Class Counsel and Defendant's Counsel shall provide the Settlement Administrator with a list of agreed-upon Certified Class members identified through carrier records together with their contact information. The Settlement Administrator shall supplement this list with additional Certified Class members identified through the claims process. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning notice, administration and implementation of the Settlement. To the extent a claim process is required to identify any Class Members, the Settlement Administrator shall promptly forward to Class Counsel and Defendant's Counsel copies of all claims forms and other communications received from Certified Class members in connection with the Settlement. The Settlement Administrator may reject a claim where there is evidence of abuse or fraud, or the claim is otherwise determined to be invalid on its face. Both ZirMed's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of any claim. The challenge will be decided by agreement of the Parties, or, absent agreement, by submission of the dispute to the Court for resolution.

14. <u>Payments</u>. Payment to identified Certified Class members shall be by checks delivered by first-class mail. Checks issued to the Certified Class members by the Settlement Administrator will be void 90 days after issuance and shall state that fact on their face.

15. <u>Releases</u>.

15.1   Upon the Effective Date, Spine & Sports Chiropractic and each Certified Class Member who has not timely opted out of the Certified Class, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged ZirMed, and its respective past or present directors, officers, employees, principals, agents, attorneys, shareholders, insurers, predecessors, heirs, successors, parents, subsidiaries, divisions and related or affiliated entities, and all persons, natural or corporate, in privity with any one or more of them (the "Released Parties") from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted that arise out of or relate in any way to the advertisements faxed by or on behalf of ZirMed, including faxes sent by ZirMed's employees, on November 7 and 8, 2012, that advertised any of

4

ZirMed's goods, products, or services (the "Released Claims"). "Released Claims" does not include any failure by any Party hereto to fully comply with the terms of this Settlement Agreement. Nothing herein shall be construed as releasing any claim not related to the Lawsuit.

    15.2 Upon the Effective Date, ZirMed shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged Spine & Sports Chiropractic, each Certified Class Member who has not timely opted out of the Certified Class, and Class Counsel, and their respective past or present directors, officers, employees, principals, agents, attorneys, insurers, predecessors, heirs, successors, parents, subsidiaries, divisions and related or affiliated entities, from all claims based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the Lawsuit, and all Released Claims, except for enforcement of this Settlement Agreement.

    15.3 With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, ZirMed and Spine & Sports Chiropractic expressly shall have, and each of the other Certified Class Members who has not timely opted out shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

ZirMed, Spine & Sports Chiropractic and Certified Class Members, and any of them, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but ZirMed, and Spine & Sports Chiropractic expressly shall have, and each other Certified Class Member who does not timely opt out shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The Parties acknowledge, and Certified Class Members who do not timely opt out shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which the releases in this Settlement Agreement are a part.

    16. <u>Cooperation</u>. Spine & Sports Chiropractic and ZirMed agree to cooperate fully with one another to effect the consummation of this Settlement Agreement and to achieve the settlement provided for herein.

    17. <u>Settlement Agreement Contingent Upon Final Approval</u>. This Settlement Agreement is contingent upon the Court's granting of final approval of this Settlement Agreement. If the Court refuses to grant final approval, or if the Court's final approval order is

reversed or substantially modified on appeal, then this Settlement Agreement shall be null and void, and no stipulation, representation, or assertion of fact made in this Settlement Agreement may be used against any Party.

   18.   Court Submission. Class Counsel will submit this Settlement Agreement and the exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval. If the Court declines to grant preliminary approval or final approval, this Settlement Agreement will terminate as soon as the Court enters an order unconditionally and finally adjudicating that this Settlement Agreement and settlement will not be approved.

   19.   Contribution. ZirMed shall retain for itself the rights to pursue any and all claims for contribution against any third parties that it may have.

   20.   Integration Clause. This Settlement Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or Settlement Agreements (written or oral) between or among the Parties, which prior Settlement Agreements may no longer be relied upon for any purpose. This Settlement Agreement shall not be orally modified in any respect and can be modified only by the written Settlement Agreement of the Parties supported by adequate consideration as confirmed in writing.

   21.   Headings. Headings contained in this Settlement Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Settlement Agreement.

   22.   Binding and Benefiting Others. This Settlement Agreement and the settlement shall be binding upon and inure to the benefit of the Parties, and to their respective present, former, or future agents, insurers, representatives, employees, directors, officers, shareholders, attorneys, parents, subsidiaries, and affiliates.

   23.   Warranties. The Parties each further represent, warrant, and agree that, in executing this Settlement Agreement, they do so with full knowledge of any and all rights they may have with respect to the claims released in this Settlement Agreement, and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Settlement Agreement warrants that he or she has the authority to enter into this Settlement Agreement and to legally bind the Party(ies) for which he or she is signing.

   24.   Governing Law. The contractual terms of this Settlement Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Kentucky, without regard to its conflict of laws or choice of laws provisions.

   25.   Mutual Interpretation. The Parties agree and stipulate that the settlement was negotiated on an "arm's-length" basis between parties of equal bargaining power. The Settlement Agreement has been drafted jointly by Class Counsel and ZirMed's counsel. Accordingly, this Settlement Agreement is not one of adhesion, is mutually created, and no ambiguity shall be construed in favor of or against any of the Parties.

6

26. <u>Counterparts</u>. This Settlement Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile signatures are acceptable for the execution of this Settlement Agreement.

27. <u>Severability</u>. In the event any one or more of the provisions contained in this Settlement Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within 20 days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Settlement Agreement.

28. <u>Continuing Jurisdiction</u>. Without affecting the finality of the final judgment, the Court shall retain continuing jurisdiction over the Litigation and the Parties, including all members of the Certified Class, the administration and enforcement of this Settlement Agreement and the settlement, and the benefits to the Certified Class hereunder. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Settlement Agreement shall be presented by motion to the Court.

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be executed on the date set forth underneath their respective signatures.

**SPINE AND SPORTS CHIROPRACTIC, INC.,**
on behalf of itself and the Certified Class

By: _____
Matthew G. Stubbs
Brian J. Wanca
Their Attorneys

Date: 3/17/2015

**ZIRMED, INC.**

By: _____
Their: Counsel
Date: 3/13/15

7