UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-00489

SPINE AND SPORTS CHIROPRACTIC,                                      Plaintiffs
INC. an Ohio corporation, individually and
as the representative of a class of similarly-
situated persons,

v.

ZIRMED, INC. and JOHN DOES 1-10,                                    Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Settling Parties' motion for preliminary approval of the class-action settlement. (Docket No. 74). No objections were filed, and the motion was unopposed. This matter is now ripe for adjudication. For the following reasons, the Court, having reviewed the record and being fully advised, preliminarily approves the settlement agreement. Plaintiff's Motion for Preliminary Approval of Class Settlement Agreement is **GRANTED.**

**BACKGROUND**

Plaintiff Spine and Sports Chiropractic, Inc. ("S&S"), alleges that on November 8, 2012, it received an advertisement, (Docket No. 1-2), via its facsimile machine for various products and services offered by Defendant ZirMed. (*See* Docket No. 34-3). S&S alleges ZirMed had not received permission to send this advertisement, and the fax ad did not include an opt-out notice meeting the requirements of the Telephone Consumer Protection Act ("TCPA"). The TCPA makes it unlawful "to send to a telephone facsimile machine an unsolicited advertisement,

1

unless--" certain requirements are met. 47 U.S.C. 227(b)(1)(C). S&S claims entitlement to the statutory damages provided by the TCPA.[1] On June 30, 2014, the Court certified a class consisting of the 663 subscribers of the fax numbers to whom ZirMed successfully sent the ZirMed Fax. The Court named S&S as the representative of the class. Following a settlement conference, S&S now submits this unopposed motion requesting preliminary approval of the Class Settlement Agreement, approving the proposed notice and plan for distribution of the settlement funds, approving the means of identifying subscribers, and setting a date for a final approval hearing.

## STANDARD

Class actions may only be settled with the court's approval. Fed. R. Civ. P. 23(e). Approval of class settlements is often bifurcated into preliminary and final approval proceedings. "At the stage of preliminary approval, the questions are simpler, and the court is not expected to, and probably should not, engage in analysis as rigorous as is appropriate for final approval." David F. Herr, Annotated Manual for Complex Litigation (Fourth) § 21.662 (2012). Instead, the Court must only "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of certification, proposed settlement, and date of the final fairness hearing." Manual for Complex Litigation § 21.632 (4th ed.2004); *see* Fed. R. Civ. P. 23(e)(2) ("[T]he court may only approve [the settlement] after a hearing and on finding that it is fair, reasonable, and adequate."). Fairness, reasonableness, and adequacy are separate determinations.

---

[1] 47 U.S.C. 227(b)(3) provides that "a person or entity may" bring "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." Additionally, if the Court finds the defendant "willfully or knowingly violated this subsection or regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available."

> Fairness calls for a comparative analysis of the treatment of class members vis-á-vis each other and vis-á-vis similar individuals with similar claims who are not in the class. Reasonableness depends on an analysis of the class allegations and claims and the responsiveness of the settlement to those claims. Adequacy of the settlement involves a comparison of the relief granted relative to what class members might have obtained without using the class action process.

Manual for Complex Litigation § 21.62 (4th ed. 2004). In making these determinations, the Court "must take care not to intrude upon the private settlement negotiations of the parties any more than is necessary to determine that the agreement is not the result of fraud or collusion, and that it is fair and adequate in light of the potential outcome and costs of litigation." *Smith v. Ajax Magnethermic Corp.*, 2007 WL 3355080 (N.D. Ohio Nov. 7, 2007). In the face of a motion for preliminary approval, the Court's role is to "evaluate whether the proposed settlement 'appears to be the product of serious, informed, non-collusive negotiation, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval.'" *Hyland v. HomeServices of Am., Inc.*, 2012 WL 122608, at *2 (W.D. Ky. Jan. 17, 2012) (quoting *In re Nasdaq Market–Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997)).

## DISCUSSION

**A. The Proposed Settlement is Fair, Reasonable, and Adequate**

Upon preliminary review, the Court finds that the proposed settlement agreement is fair, reasonable, and adequate. Under the agreement, ZirMed has agreed to pay the total sum of $380,650.00 into a settlement fund in consideration for a release of claims by the Class Members for any TCPA violations. The funds will be allocated as follows. Class Counsel will request an award of $126,833, which represents 33% of the Settlement Fund. Additionally Class Counsel anticipates requesting an award of expenses which will likely be approximately $17,000. As

Class Representative, S&S will receive an incentive award of $10,000. The remaining settlement fund will be allocated to the Class Members on a pro rata basis, up to a maximum of $500 per class member. If all Class Members are eligible to receive a share of the fund, each would receive $342.10. If the fund is not exhausted, either from fewer claims than expected or uncashed checks, any remaining funds will be retained by ZirMed.

The proposed settlement is fair. "Fairness calls for a comparative analysis of the treatment of class members vis-á-vis each other and vis-á-vis similar individuals with similar claims who are not in the class." Manual for Complex Litigation § 21.62 (4th ed.2004). The terms of the settlement are fair to the Class members because members are treated equally.

Next, the proposed settlement is reasonable. "Reasonableness depends on an analysis of the class allegations and claims and the responsiveness of the settlement to those claims." *Id*. The settlement is reasonable because the payments are sufficient to ameliorate the injuries suffered by the class, and are near to the statutorily prescribed damages amount.

Finally, the proposed settlement is adequate. "Adequacy of the settlement involves a comparison of the relief granted relative to what class members might have obtained without using the class action process." *Id*. The economic injury allegedly suffered by each class member is small. Only by proceeding in aggregate does the potential amount of damages become sufficient to provide for the payment of the expenses necessary to pursue the alleged claims. Accordingly, the proposed settlement is more than adequate because it allows class members to recover damages that would otherwise be beyond their reach if proceeding individually.

**B. The Proposed Settlement is the Product of Serious Negotiations, is not the Result of Collusion, and Falls Within the Range of Possible Approval**

Even though the Court has preliminarily determined that the settlement is fair, reasonable, and adequate, it must also ensure that the settlement is the product of serious negotiations, that there is no indication of collusive action, and that it falls within the range of possible approval. *See Hyland*, 2012 WL 122608, at *2. When a "settlement is the result of extensive negotiations by experienced counsel, the Court should presume it fair." *In re Inter–Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 351 (N.D. Ohio 2001) (internal citation omitted).

The Settling Parties have demonstrated to the Court that the proposed settlement was agreed upon after arm's length negotiations and a sufficient exchange of discovery material, including documents and witnesses. Both parties engaged in significant written discovery, including interrogatories, document requests, and requests for admission, as well as conducting multiple depositions. Further, the settlement agreement was reached after a conference with Magistrate Judge James D. Moyer.

No party has objected to the settlement agreement claiming that it was not properly negotiated or is the result of collusive practice. The history of this litigation shows that the Settling Parties have produced a fair settlement that was negotiated at arm's length by equal parties and that it was not tainted by any form of collusion.

Additionally, the Court finds that the settlement agreement falls well within the range of possible solutions that would receive approval. Class Members will receive at least $342.10, close to the statutorily proscribed amount of damages of $500. Further, not only is this agreement in the range of possible solutions, it is likely the best resolution that class members could receive due to the small amount of damages and their inability to pursue the claim individually.

**C. Attorneys' Fees**

When preliminarily approving a class settlement, the Court's "settlement review should include provisions for payment of class counsel." Manual for Complex Litigation § 21.7 (4th ed.2004). The benchmark for the preliminary approval of awards of attorneys' fees is 25% of the common fund. *See, e.g., Fournier v. PFS Invs., Inc.* 997 F.Supp. 828, 832 (E.D. Mich. 1998) ("The 'benchmark' percentage for this standard has been 25% [of the common fund], with the ordinary range for attorney's fees between 20–30%.").

At the present time, the Court preliminarily approves an award of $126,833 which represents 33% of the Settlement Fund, in addition to award of expenses which will likely be approximately $17,000. Payment of fees and expenses to all eligible counsel will not exceed this amount. At the appropriate time, counsel believing that they should be awarded fees and expenses shall move the Court for the award. The motions for fees and awards shall be made in compliance with Federal Rule of Civil Procedure 23(h) and 54(d)(2). Before any counsel will receive fees and expenses from the attorneys' fees fund, counsel must demonstrate to the Court that their efforts resulted in a benefit to the class. Only upon a showing that a benefit accrued to the class as a result of counsel's efforts will fees and expenses be awarded.

Finally, the Court notes that it is not yet granting final approval of the proposed award of fees and will undertake a more rigorous review of this provision prior to final approval of the settlement agreement.

**D. The Notice Program is Calculated to Apprise Class Members of the Settlement and Their Rights Arising Thereunder**

When approving a settlement agreement Federal Rule of Civil Procedure 23(e)(1) requires that a court "direct notice in a reasonable matter to all class members who would be bound by the proposal." All that notice must do "is fairly apprise ... prospective members of the

class of the terms of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interests." *Gooch v. Life Inv. Ins. Co. of Am.*, 672 F.3d 402, 423 (6th Cir. 2012) (citation omitted). The terms and contents of class notice are sufficient:

> if they inform the class members of the nature of the pending action, the general terms of the settlement, that complete and detailed information is available from the court files, ... that any class member may appear and be heard at the hearing and information [about] the class members' right to exclude themselves and the results of failure to do so. A proposed notice that is incomplete or erroneous or that fails to apprise the absent class members of their rights will be rejected as it would be ineffective to ensure due process.

*Id.* (internal citations and quotations omitted).

In the present action the Settling Parties have submitted the proposed manner and content of notice for review by the Court. The class members have already been advised of the pendency of this action via the Notice of Pending Class Action. The current proposed Notice of Proposed Class Action Settlement includes: (1) a description of the benefits provided by the settlement; (2) an explanation of how class members can obtain settlement benefits; (3) an explanation of how class members can exercise their right to opt-out or object to the settlement; (4) the names of class counsel and information regarding attorneys' fees and expenses, as well as incentive awards to the representative plaintiffs; (5) the final fairness hearing date; and (6) contact information in case a class member wants additional information. The Notice also states that the class counsel are attempting to affirm the Class Members as subscribers without the Members' assistance, but it also includes a form whereby Class Members can affirm their subscriber status.

The Settling Parties have also established a program for distributing notice to the settlement class. The Counsel will retain CAC Services Group to deliver notice through facsimile, e-mail, and direct mail.

In all, the Court finds that both the contents of the notice and the notice program are sufficient to alert class members of their rights arising under the settlement. Accordingly, the notice provisions established by the Settling Parties fully comply with the requirements of Rule 23.

Further, the Court finds that The Affirmation of Account Holder is a reasonable and appropriate means for Class Members to affirm they were the subscriber of the account associated with a fax number to which the ZirMed Fax was sent. Accordingly, for Class Members who have not been identified otherwise, completion and return of a valid Affirmation of Account Holder form will be sufficient to identify that subscriber and entitle them to a portion of the Settlement Fund.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED**:

(1) That Plaintiff's Motion, (Docket No. 74), is **GRANTED**;

(2) The Class Settlement Agreement appears to be fair, reasonable, and adequate. Accordingly, the Court grants preliminary approval, pending administration and final approval;

(3) The proposed Notice of Proposed Class Settlement appears to be reasonable and appropriate. The Court further approves the plan of notice set forth in the Motion for Preliminary Approval, which includes delivery of the Notice of Proposed Class Settlement via mail, fax, and e-mail;

(4) The Affirmation of Account Holder is a reasonable and appropriate means for Class Members to affirm they were the subscriber of the account associated with a fax number to which the ZirMed Fax was sent. Accordingly, for Class Members who have not been identified

otherwise, completion and return of a valid Affirmation of Account Holder form will be sufficient to identify that subscriber and entitle them to a portion of the Settlement Fund; and

(5) A hearing on final approval will be conducted on November 19, 2015 at 11:00AM EST in Louisville.

IT IS SO ORDERED.

May 4, 2015

**Thomas B. Russell, Senior Judge**
**United States District Court**

9