# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| SPINE AND SPORTS CHIROPRACTIC, INC., an Ohio corporation, individually and as the representative of a class of similarly situated persons, <br><br>        Plaintiff, <br><br> v. <br><br> ZIRMED, INC. and JOHN DOES 1-10, <br><br>        Defendants. | No.  3:13-cv-489-TBR <br><br> Hon. Thomas B. Russell <br><br> **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT AND MOTION FOR AWARD OF ATTONEY FEES** |

Upon consideration of Plaintiff Spine & Sports Chiropractic Inc.'s Motion for Final Approval of Class Settlement Agreement and Motion for Award of Attorney Fees, this Court **GRANTS** the Motions and **ORDERS** as follows:

1.       On May 4, 2015, this Court preliminarily approved (ECF No. 75), the Class Settlement Agreement reached between Plaintiff Spine & Sports Chiropractic, Inc. and Defendant ZirMed, Inc.   In that Order, the Court preliminarily approved the Class Settlement Agreement and the proposed notice plan to the Class Members.

By the Declaration of Nancy A. Johnson, the Court has been informed that the Notice of Proposed Class Action Settlement and claim form ("the Notice Packet") were sent to all Class members via U.S. Mail, email, and facsimile.  As represented by Ms. Johnson, the Notice Packet reached 579 of the 663 Class Members successfully via facsimile and 633 of the 663 successfully via regular mail.  348 of the Class Members were identified via phone records or by submission of an Affirmation of Account Holder.  Of these Affirmations, 14 were deemed

invalid, and two were duplicates.[1] Accordingly, 332 of the 663 Class Members have been identified independently or submitted valid claim forms to identify themselves. Additionally, two of the Class Members opted out of the Class:

> Loechinger Chiropractic Clinic
> 7740 Washington Village Dr., Suite 150
> Dayton, Ohio 45459

> Matthew Houfe
> 75 W Fulton Street
> Edgerton, WI 53534

2. The Court conducted a fairness hearing on December 9, 2015 for the purpose of considering the fairness of the Class Settlement Agreement, hearing any objections, and determining whether to grant final approval. No Class Members attended, and no objections have been filed, submitted to the attorneys, or received by the Court.

3. The Court finds that the Class Settlement Agreement is fair, adequate, and reasonable. The Court also finds that the transmission of the Notice Packet via U.S. mail, email, and facsimile was reasonably calculated to apprise the Class Members of their rights, appropriate in the circumstances of this case, and, on the whole, effective. As such, this notice satisfied the requirements of due process and Fed. R. Civ. P. 23.

4. The Court finds the 332 Class Members who have been identified by phone carrier or submitted valid Affirmations are entitled to a share of the Settlement Fund per the terms of the Class Settlement Agreement.

5. The Court hereby **GRANTS** Plaintiff's Motion for Final Approval of Class Settlement Agreement and Plaintiff's Motion for Award of Attorney Fees. The one exception is the Court awards the Class Representative an incentive award of 5,000. CAC Services Group ("the Settlement Administrator") is authorized and directed to make the following

---

[1] Nancy Johnson Declaration, ¶ 11; Declaration of Matthew E. Stubbs, ¶ 4.

disbursements from the Settlement Fund:

    (a)    Consistent with the Memorandum Opinion filed in this matter, the Settlement Administrator shall pay to Spine & Sports Chiropractic, Inc. the sum of $5,000 for its service as class representative. Such payment to Spine & Sports Chiropractic, Inc. is to be made by issuance of check made payable to "Spine & Sports Chiropractic, Inc." and delivered to Montgomery, Rennie & Jonson c/o Matthew Stubbs.

    (b)    The Settlement Administrator shall pay to Class Counsel the sum of $126,883.33 (representing the Court's award of attorneys' fees) plus $8,702.40 (representing the Court's award of expenses incurred by Class Counsel). Such payments are to be made by issuance of a single check in the amount of $135,585.73 made payable to "Montgomery, Rennie & Johnson" and delivered to Montgomery, Rennie & Jonson c/o Matthew Stubbs.

    (c)    The Settlement Administrator shall pay to CAC Services Group, LLC., the sum of $8,309.79 for its services as third-party administrator. Such payment is be made by issuance of a check made payable to "CAC Services Group" and delivered to CAC Services Group c/o Nancy Johnson.

    d)    The Settlement Administrator shall pay each of the 332 Class Members who were identified by phone carrier or submission of a valid Affirmation the sum of $500.00 by delivery of a check made payable to each of these Class Members at their respective addresses. These checks shall expire ninety days after issuance.

    e)    Any funds that remain in the Settlement Fund after the above-

described distributions and after all checks have expired shall be returned to ZirMed, Inc. by delivery of a check made payable to "ZirMed, Inc." and delivered to Wilson Sonsini Goodrich & Rosati c/o Tonia Klausner.

6.   All claims in this case are hereby dismissed with prejudice. Additionally, all claims of the Class Members (with the exception of the two Class Members who opted out and are listed herein) are released *p*er Paragraph 15 of the Class Settlement Agreement.

7.   The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Class Settlement Agreement and of this Order.

cc: Counsel